IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02268-BNB

SHEILA MONROE,

Applicant,

v.

TRAVIS L. TRANI, Warden of Denver Women's Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant, Sheila Monroe, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Monroe filed *pro se* a second Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On October 28, 2009, Magistrate Judge Boyd N. Boland ordered Ms. Monroe to file within thirty days a third amended habeas corpus application.

In her second amended application, Ms. Monroe asserted that she was convicted by a jury in Denver District Court Case No. 05CR790 on charges of felony menacing and false imprisonment, and was sentenced to five years of imprisonment in the DOC. She alleged that the judgment of conviction was entered on January 25, 2006. She further alleged that her conviction and sentence were affirmed on direct appeal. She also alleged that the postconviction motion she filed pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure was denied, and that she did not

appeal from the denial. Ms. Monroe, however, failed to assert any claims for relief in the second amended application.

In the October 28, 2009, order, Magistrate Judge Boland specifically informed Ms. Monroe that the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). He also informed her that pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland pointed out that Rule 4 of the Rules Governing Section 2254 Cases also required Ms. Monroe to go beyond notice pleading. *See* **Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He explained that she must allege her claims clearly, and she must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See* **Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the October 28, 2009, order, Magistrate Judge Boland noted that Ms. Monroe had failed to meet the requirements of both Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules because the second amended application failed to provide a short and plain

statement of her claims showing that she was entitled to relief. Therefore, he ordered Ms. Monroe to file within thirty days a third amended application that complied with Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules. In the third amended application, Ms. Monroe was directed to state, clearly and concisely, each claim she intended to assert in this action. Ms. Monroe also was instructed to assert specifically how her federal rights were violated in her state criminal case. Magistrate Judge Boland instructed Ms. Monroe not to refer to or rely upon her prior filings to explain her asserted claims or to provide support for the asserted claims.

Finally, Magistrate Judge Boland warned Ms. Monroe that if she failed within the time allowed to file a third amended application as directed, the second amended application would be denied and the action dismissed without further notice. On November 17, 2009, Ms. Monroe submitted a letter to the Court asking the Court to reverse her conviction for false imprisonment. However, she failed within the time allowed to file a third amended application as directed. Accordingly, it is

ORDERED that the second amended application is denied and the action dismissed without prejudice for the failure of Applicant, Sheila Monroe, to comply within the time allowed with the October 28, 2009, order for a third amended application and for her failure to prosecute. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __16__ day of __December__, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02268-BNB

Sheila R. Monroe
Reg No. 86849
Denver Women's Corr. Facility
PO Box 392005
Denver, CO   80239

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  12/16/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk